**United States District Court**
**District of Massachusetts**

```
_____
                                )
LUMBER LIQUIDATORS, INC.,       )
        Plaintiff,              )
                                )
        v.                      )     Civil Action No.
                                )     10-11890-NMG
KEVIN H. SULLIVAN,              )
        Defendant.              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action was brought to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. Pending before the Court is a dispute with respect to the alleged misconduct of plaintiff's counsel.

**I.  Background**

The American Arbitration Association arbitrated a dispute between Lumber Liquidators, Inc. ("Lumber Liquidators") and Kevin H. Sullivan ("Sullivan") with respect to the non-competition agreement between the parties ("the NCA"). On October 27, 2010, the Arbitrator issued her Decision and Award ("Arbitration Award") ordering Sullivan, inter alia, to pay Lumber Liquidators $359,389 in damages, to cease competing with Lumber Liquidators for a period of two years and to dissolve Wholesale Wood Floor Warehouse ("Wholesale Wood"), a company Sullivan founded in violation of the NCA.

On November 4, 2010, Lumber Liquidators filed with this Court an application, and later a motion for summary judgment, to confirm the Arbitration Award.  On February 21, 2011, Sullivan responded by filing a motion for summary judgment to vacate the Arbitration Award and a motion for judgment on the pleadings.

The motions were referred to Magistrate Judge Marianne Bowler, who issued a Report and Recommendation ("R&R") recommending, <u>inter alia</u>, that plaintiff's application to confirm the Arbitration Award be 1) allowed as to sections one through four, seven, eight, ten through 14, and section nine as it applies to Sullivan and 2) denied as to sections five and six and with respect to section nine as it applies to Wholesale Wood. Both parties timely filed objections to the R&R and responses to the opposing party's objections.  On September 22, 2011, this Court accepted and adopted the R&R, confirming, in part, and vacating, in part, the Arbitration Award.  Sections five, six and nine of the Arbitration Award were vacated to the extent that they purported to enjoin Wholesale Wood, which was not a party to the arbitration.

On October 5, 2011, plaintiff's counsel sent what were perceived to be threatening letters to John Lopez and Will Hunt, employees of Wholesale Wood, warning them that they were bound by the Court order and would be subject to legal action if they continued to operate Wholesale Wood.  On October 12, 2011,

-2-

counsel for the defendant sent a letter directly to the presiding judge in this case complaining about the conduct of plaintiff's counsel and requesting various forms of relief.  Plaintiff's counsel responded by letter on the same day.

## II.  Legal Analysis

Counsel for both parties are in the wrong.  By sending letters directly to employees of Worldwide Wood misrepresenting the ruling of this Court and threatening them with legal action for engaging in activities not prohibited by the injunction, plaintiff's counsel engaged in sanctionable misconduct. Wholesale Wood employees may be held in contempt only if they act in concert with Sullivan to violate the subject Court order. They are not, as plaintiff's counsel misrepresented, "bound by the injunction," nor are they prevented from working for Wholesale Wood.  Magistrate Judge Bowler made that clear. Plaintiff's counsel likewise misrepresented that this Court had issued a final judgment in the matter.  Those misrepresentations and the threatening tone with which they were made go beyond zealous representation.

Defense counsel has also acted imprudently.  By sending a dramatic letter directly to the judicial officer in charge of this case demanding sanctions as a result of attorneys' conduct, defense counsel violated the spirit of the Federal Rules of Civil Procedure and the Local Rules of this District, both of which

require a party seeking relief to file a formal pleading with the Court and serve a copy on opposing counsel. See deLancey v. Island Elderly Housing, Inc., No. 11-10062-GAO, 2011 WL 1298032, at *2 (D. Mass. Mar. 31, 2011) (explaining that a party must file requests in the form of a motion, not a letter, containing a statement of the relief sought and the reasons for granting it and warning that failure to comply with the Court's directive would result in sanctions). In so doing, he ignored the requirement that counsel confer and attempt to resolve issues before wasting the Court's time. The Court plays many roles in this judicial system but babysitter ought not be one of them.

If counsel continue to display such unseemly conduct or petty squabbling that cannot be settled without Court intervention, they should stand forewarned that, in either event, sanctions will likely be imposed against the party (or parties) and counsel deemed to be overzealous or unduly recalcitrant.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 20, 2012