```
                   United States District Court
                     District of Massachusetts
 _____
                                )
LUMBER LIQUIDATORS, INC.,       )
        Plaintiff,              )
                                )
            v.                  )    Civil Action No.
                                )    10-11890-NMG
KEVIN H. SULLIVAN,              )
        Defendant.              )
 _____ )
```

## MEMORANDUM & ORDER

**GORTON, J.**

This action concerns an arbitration award that this Court confirmed in January, 2012 which resulted in entry of judgment against defendant. Defendant now seeks imposition of sanctions against plaintiff for its conduct in attempting to execute upon its judgment and vacation of the award in its entirety.

## I. Background

Defendant Kevin Sullivan was terminated from his employ at plaintiff Lumber Liquidators, Inc. in December, 2008. Shortly after his termination, defendant organized and caused the incorporation of Wholesale Wood Floor Warehouse ("WWFW"). That precipitated a dispute between the parties regarding a non-competition clause in defendant's employment agreement which was submitted to arbitration. In October, 2010, the arbitrator issued her Decision and Award ("the 2010 Arbitration Award") ordering Sullivan, inter alia, to pay Lumber Liquidators $359,389

in damages, to cease competing with Lumber Liquidators for a period of two years and to dissolve WWFW.

Plaintiff then brought suit in this Court to confirm the 2010 Arbitration Award.  After consideration of several intervening motions, in January, 2012, this Court entered judgment confirming the award against defendant with respect to monetary damages and enforcement of the non-competition clause but vacated the award insofar as it required dissolution of WWFW. The Court also simultaneously reprimanded counsel for their unseemly conduct and petty squabbling and warned that continued recalcitrance would result in the imposition of sanctions.

Defendant has since filed three motions.  In May, 2012, he moved to quash plaintiff's attempt to execute its judgment, which the Court denied as moot when plaintiff withdrew the subject execution.  In July, 2012, defendant moved for the imposition of sanctions upon plaintiff for having issued subpoenas in attempt to enforce its judgment.  Finally, in December, 2012, defendant moved to vacate the 2010 Arbitration Award.

II. **Motion for Show Cause Order and for Sanctions**

In light of the Court's prior order warning the parties to avoid engaging in "unseemly conduct or petty squabbling," defendant now asks the Court to impose sanctions against plaintiff which, having obtained judgment against defendant, has served the credit departments of several third party entities

with subpoenas demanding documents, such as credit applications, guarantees and financial statements, that could reveal Mr. Sullivan's continued association with WWFW.

Plaintiff claims that the subpoenas were a necessary prerequisite to the enforcement of its judgment. Specifically, plaintiff avers that defendant has taken steps to conceal his assets since the 2010 Arbitration Award was issued, including the transfer of 1) title to his Nevada residence to his wife for no consideration and 2) his ownership interest in WWFW to an irrevocable trust, of which his father-in-law is trustee and his minor children are beneficiaries. In addition, plaintiff points to several statements made by Sullivan in court documents and loan applications during and after 2010 that suggest Sullivan has retained a stake in WWFW notwithstanding his protestations to the contrary. Plaintiff asserts that subpoenas on third parties constitute necessary and proper discovery in this case.

Liberal discovery is afforded to judgment creditors under Federal Rule of Civil Procedure 69(a)(2), which provides that a judgment creditor "may obtain discovery from any person" in aid of the judgment or execution. ClearOne Communications, Inc. v. Chiang, 276 F.R.D. 402, 404 (D. Mass. 2011). The presumption is in favor of full discovery of any matters arguably related to a creditor's efforts to trace a debtor's assets and otherwise to enforce its judgment. Id. (citation and quotation omitted).

The Court is satisfied that the challenged subpoenas fall within the purview of the liberal discovery afforded to judgment creditors. As plaintiff has claimed without contradiction, defendant has taken steps to prevent it from collecting monetary damages awarded to it under the 2010 Arbitration Award, including 1) the placement in trust of his ownership stake in WWFW and 2) the obfuscation of his continued participation in that business. The subpoenas are warranted.

In an attempt to discredit plaintiff's motivation, defendant argues that plaintiff has not served defendant with an execution of judgment. That contention is without merit. Plaintiff's attempt to execute on its judgment early on was met with defendant's motion to quash. More recently, plaintiff attempted to resolve the monetary portion of the outstanding 2010 Arbitration Award during settlement negotiations preceding arbitration of defendant's FMLA claim. It issued the challenged subpoenas only after those negotiations proved fruitless.

In sum, plaintiff's aggressive effort to discover the whereabouts of defendant's assets was precipitated by defendant's equally aggressive effort to hide them. Defendant's motion for sanctions will be denied.

III. **Motion to Vacate Arbitration Award**

Defendant Sullivan also moves to vacate the 2010 Arbitration Award pursuant to 9 U.S.C. § 10(a) and Fed. R. Civ. P. 60(b)(2).

In 2009, Sullivan sued Lumber Liquidators in California alleging that his termination constituted unlawful retaliation in violation of the Family Medical Leave Act ("the FMLA"). That case was referred to an arbitrator who, in November, 2012, found in favor of Sullivan and awarded him approximately $1.2 million ("the 2012 Arbitration Award"). Sullivan is currently seeking confirmation of that award in the United States District Court for the District of Nevada.

Sullivan now claims that findings made as part of the 2012 Arbitration Award that relate to defendant's 2008 termination require this Court to vacate the 2010 Arbitration Award. He principally claims that:

1) Mr. Robert Morrison, the officer at Lumber Liquidators who terminated defendant Sullivan in 2008, a) gave sworn statements during the 2012 proceeding that contradicted earlier statements made in the 2010 proceeding and b) had twice been cited by his employer for filing false expense reports, rendering his testimony at the 2010 proceeding unbelievable; and

2) the 2012 arbitrator determined that defendant's termination was based, in part, on his request for leave protected under the FMLA and therefore the 2010 arbitrator violated public policy when he enforced the non-compete provision as part of his award.

District courts, when reviewing arbitration decisions, do not, however, write upon a blank page. Rather, a party seeking to vacate an arbitrator's award must satisfy one of the specific grounds laid out in Section 10(a) of the Federal Arbitration Act. See 9 U.S.C. § 10(a). Even at that stage, when a court

determines whether to confirm an arbitral award in whole or in part, its review must be "extremely narrow and exceedingly deferential". UMass Mem'l Med. Ctr., Inc. v. United Food And Commercial Workers Union, 527 F.3d 1, 5 (1st Cir. 2008). As a result, arbitral awards are "nearly impervious to judicial oversight" and must be sustained even where the court is convinced that the arbitrator committed serious error. Id.

Defendant has already sought vacation of the 2010 Arbitration Award under Section 10(a) and failed, with the result that this Court confirmed the award and entered judgment against him. Once an arbitration award is confirmed it is given the "same force and effect" as a "judgment in an action". FleetBoston Fin. Corp. v. Alt, 638 F.3d 70, 80 (1st Cir. 2011) (quoting 9 U.S.C. § 13). The plain language of 9 U.S.C. § 10(a), the section of the Federal Arbitration Act under which defendant raises most of his arguments, does not pertain to a confirmed award which has become a final judgment of the court. See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 579 F.3d 1268, 1272 (11th Cir. 2009) ("Sections 10 and 11 [of the Federal Arbitration Act] say nothing about court judgments and do not control this appeal.")

Accordingly, although defendant raised several arguments under 9 U.S.C. § 10(a), the Court reviews his motion and the arguments contained therein under the standard set forth in case

law interpreting Fed. R. Civ. P. 60(b), which itself provides relief that is "extraordinary in nature" and which "should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).  To succeed on a motion pursuant to Fed. R. Civ. P. 60(b)(2) the movant must show that

> (1) the evidence has been discovered since the trial;
>
> (2) the evidence could not by due diligence have been discovered earlier by the movant;
>
> (3) the evidence is not merely cumulative or impeaching; and
>
> (4) the evidence is of such a nature that it would probably change the result were a new trial to be granted.

U.S. Steel v. M. DeMatteo Const. Co., 315 F.3d 43, 52 (1st Cir. 2002).

It is clear that defendant's complaints do not merit the extraordinary remedy that he seeks.  With respect to Mr. Morrison's contradictory statements and purported history of prevarication, such evidence serves only to impeach Mr. Morrison. While perhaps a "central figure" to defendant's FMLA claim, Mr. Morrison did not offer material testimony at the 2010 Arbitration.  That proceeding focused on the actions taken by defendant to establish a competing entity which were proved through defendant's own testimony and documentary evidence.  Mr. Morrison's testimony, although relevant, was not so fundamental that it would have probably changed the outcome if disbelieved.

Defendant also asks the Court to treat the 2012 arbitrator's determination that Sullivan was terminated unlawfully as "newly discovered evidence" rather than a legal conclusion.  At most, the 2012 arbitrator's conclusion with respect to Mr. Morrison's credibility is inconsistent with the 2010 arbitrator's conclusion.  It is not evidence and therefore cannot support a motion pursuant to Fed. R. Civ. P. 60(b)(2).

Defendant's argument is deficient even when construed as an attack on the 2010 Arbitration Award rather than on this Court's final judgment.  The Court must defer to the 2010 arbitrator's findings unless she "disregard[ed] applicable law." See UMass Mem'l Med. Ctr., Inc., 527 F.3d at 6 (explaining two additional grounds for vacation not codified under 9 U.S.C. § 10(a)).  A review of the 2010 Award demonstrates that the arbitrator analyzed the non-compete provision under the applicable legal principles and upheld the provision.  Defendant cites no binding authority that the arbitrator neglected to consider and, as a result, the Court must still defer to her conclusion. See id. at 7 (upholding arbitral award where there was insufficient evidence that, inter alia, the award was "based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling").

Defendant entered into an employment agreement for consideration.  That contract included both a two-year non-

compete clause and an arbitration provision. He has contested the 2010 Arbitration Award on three occasions and has lost each time. Should defendant defy a valid attempt by plaintiff to execute upon the judgment of this Court, he will be held in contempt and sanctions will be imposed.

## ORDER

In accordance with the foregoing,

1) defendant's motion for an order to show cause and for sanctions (Docket No. 84) is **DENIED,** and

2) defendant's motion to vacate the 2010 Arbitration Award (Docket No. 97) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 28, 2013